IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

ROBERT EDWARD MONTGOMERY, et al, )
                                                ) Civil Action No. 15 - 324
              Plaintiffs, )
                                                ) Magistrate Judge Lisa Pupo Lenihan
                  v. )
                                                )
ALLSTATE PROPERTY AND CASUALTY )
INSURANCE CO., )
                                                )
             Defendant. )

# MEMORANDUM OPINION
# ON DEFENDANT'S MOTION TO DISMISS

**I. Summation**

For the reasons set forth below, Defendant's Motion to Dismiss (ECF No. 3) will be denied. This case was filed in the Court of Common Pleas of Westmoreland County by Writ of Summons on April 16, 2014 and removed by Defendant to this Court on March 9, 2015 (ECF No. 1). Defendant Allstate Property and Casualty Insurance Company ("Defendant" or "Allstate") argues that is entitled to either (a) dismissal on statute of limitations grounds where the Praecipe for Writ was undisputedly filed within the one-year period for commencement of an action, and subsequently served in good faith and close proximity to the applicable ninety (90) day period to effectuate service; or (b) Rule 12(b)(6) dismissal of Plaintiff's Count II bad faith claim at this juncture. The Court finds that it is not for the reasons set forth below.

## II. Factual and Procedural History

Defendant observes that this matter was commenced by filing of a Praecipe for Writ of Summons on April 16, 2014, with a Praecipe to Issue Duplicate Writ filed and issued on or about July 1 (*i.e.*, approximately 10 weeks later), and service effected on Defendant on July 23, 2014. See Defendant's Brief in Support.

Plaintiffs attest, in the Complaint filed on February 16, 2015 (ECF No. 1, Ex. A), that their mobile home and its contents were destroyed by fire on May 1, 2013 at a time they were insured by Defendant, an insurance company doing business throughout the United States and having a principal place of business in Illinois.

Plaintiffs further attest that Defendant's adjuster, Robert Sherry ("Sherry") inspected the property and declared the home a "total loss" but that Defendant subsequently refused to provide reimbursement for foundation repair/replacement, home jacks, replacement landscaping and other expenses that were assertedly covered under the policy.[1] The Complaint alleges counts for both breach of contract and bad faith.

Defendant's Motion to Dismiss and Brief in Support (ECF No. 4) were filed on March 16, 2015 and Plaintiffs' Brief in Opposition (ECF No. 8) was filed on April 2, 2015.

## III. Standard of Review

A motion to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure tests the legal sufficiency of a complaint. Kost v. Kozakiewicz, 1 F.3d 176, 183 (3d Cir. 1993).

---

[1] The Court notes that the pleadings and documents of record at this stage reflect both factual disputes and, to the Court's preliminary understanding, apparent internal inconsistencies, particularly as to, *e.g.*, the nature, necessity, and reimbursability of the foundation repair/replacement which may/may not have been damaged or weakened by the fire, be appropriately replaceable with concrete as opposed to stone with or without regard to current applicable building codes, be necessitated by a change in footprint of the replacement mobile home which replacement was approved by the Defendant, and/or be a repair/replacement crawl space or a new "full basement" foundation.

A complaint must be dismissed for failure to state a claim if it does not allege "enough facts to state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 550 U.S. 554, 556 (2007); Ashcroft v. Iqbal, 129 S. Ct.1937, 1949 (May 18, 2009) ("A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."). The Supreme Court further explained:

> The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully. Where a complaint pleads facts that are "merely consistent with" a defendant's liability, it "stops short of the line between possibility and plausibility of 'entitlement to relief.'"

Id. (citing Twombly, 550 U.S. at 556-57).

Recently, the United States Court of Appeals for the Third Circuit aptly summarized the standard to be applied in deciding motions to dismiss filed pursuant to Rule 12(b)(6):

> Under the "notice pleading" standard embodied in Rule 8 of the Federal Rules of Civil Procedure, a plaintiff must come forward with "a short and plain statement of the claim showing that the pleader is entitled to relief." As explicated in *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009), a claimant must state a "plausible" claim for relief, and "[a] claim has facial plausibility when the pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Although "[f]actual allegations must be enough to raise a right to relief above the speculative level," *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007), a plaintiff "need only put forth allegations that raise a reasonable expectation that discovery will reveal evidence of the necessary element." *Fowler, 578 F.3d at 213* (quotation marks and citations omitted); *see also Covington v. Int'l Ass'n of Approved Basketball Officials, 710 F.3d 114, 117–18 (3d Cir.2013).*

Thompson v. Real Estate Mortg. Network, 748 F.3d 142, 147 (3d Cir. 2014).[2]

---

[2] The Court of Appeals for the Third Circuit had previously set forth the following two-prong test to be applied by the district courts in deciding motions to dismiss for failure to state a claim:

**IV. Analysis**

    **A. Statute of Limitations Bar**

Defendant concedes that the April 16, 2014 Writ was timely filed, but asserts that Plaintiffs' claims are nonetheless time-barred under the one-year period to commence an action set forth in the applicable insurance policy, owing to Plaintiffs' failure to comply with the thirty (30) day period for service of the writ. See Defendant's Brief in Support at 9-14.

As Plaintiffs correctly note in response, Pa. R. Civ. P. 401 provides that "original process shall be served within the Commonwealth within thirty days after the issuance of the writ or the filing of the complaint." The Rule proceeds to refer to Rule 404 for the time of service *outside* the Commonwealth. Under this applicable rule, the time for service is ninety (90) days, *i.e.*, in

---

> First, the factual and legal elements of a claim should be separated. The District Court must accept all of the complaint's well-pleaded facts as true, but may disregard any legal conclusions. [Iqbal, 129 S. Ct. at 1949]. Second, a District Court must then determine whether the facts alleged in the complaint are sufficient to show that the plaintiff has a "plausible claim for relief." Id. at 1950. In other words, a complaint must do more than allege the plaintiff's entitlement to relief. A complaint has to "show" such an entitlement with its facts. See Phillips, 515 F.3d at 234-35. As the Supreme Court instructed in Iqbal, "[w]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged-but it has not 'show[n]'- 'that the pleader is entitled to relief.'" Iqbal, 129 S. Ct. at 1949. This "plausibility" determination will be "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Id.

Fowler v. UPMC Shadyside, 578 F.3d 203, 210 (3d Cir. Aug. 18, 2009).

the instant case, until July 16th.³ Plaintiffs attest that when they were requesting service in early July, the Westmoreland County Prothonotary erroneously required that they obtain a reissuance of the writ. See Plaintiffs' Brief in Opposition at 7. Cf. Pa. R. Civ. Proc. 401(b) (noting that "[i]f the applicable time has passed after the issuance of the writ . . . [it] must be reissued . . . to be effective as process"). Plaintiffs mailed the reissued writ to the Sheriff on July 7 and Defendant was served at its place of business in Illinois on July 23rd. See Plaintiffs' Brief in Opposition at 7. As Plaintiffs note, service was requested within the original 90 day period; in addition, their actions reflect good faith effort, any slight delay in effectuated service beyond the original 90 day period was reasonably attributable to the Prothonotary's error in requiring reissuance of a valid writ for out-of-state service, and service was effected shortly after the reissuance.

The Court concurs with Plaintiffs' further observance that Defendant was in no way prejudiced by any slight delay beyond the 90 day original service period given that, *e.g.* Defendant had notice of the likelihood of an action by Plaintiffs' representation by counsel and correspondence beginning July 23, 2013, and Plaintiffs actions cannot reasonably be read to reflect an intention to "stall" litigation. See Plaintiff's Brief in Opposition at 8-9. Cf. McCreesh v. City of Philadlphia, 888 A.2d 664 (Pa. 2005) (indicating that plaintiff's claims should only be dismissed where either prejudice or intent to delay litigation are demonstrated); Lamp v. Heyman, 366 A.2d 882 (1976) (requiring that plaintiff make a good faith effort of service of writ to effectuate notice to defendant). Defendant's assertion to the contrary notwithstanding,

---

³ In addition, Rule 401(b) provides that if service is not made within the prescribed times for service inside or outside the Commonwealth, respectively, "the prothonotary upon praecipe and upon presentation of the original process shall continue its validity by reissuing the writ . . ." and "[a] reissued . . . writ . . . shall be served within the applicable time prescribed . . . after reissuance . . . ."

5

Plaintiffs' claims were hardly rendered "stale" by the time period of service. See Defendant's Brief in Support at 14.

### B. Bad Faith Claim

Defendant contends that Plaintiffs may not maintain a claim of bad faith under 42 Pa.C.S.A. Section 8371 because they have failed to plead sufficient facts to support such claim. See Defendant's Brief in Support (ECF No. 4) at 5-7.

Courts interpreting Pennsylvania law have held that a Section 8371 claim contains two elements: (1) the insurer lacked a reasonable basis for denying benefits under the applicable policy, and (2) the insurer knew or recklessly disregarded the lack of a reasonable basis for refusing the claim. See Schmitt, 2011 WL 4368400, *9 (citing cases); see also Defendant's Brief in Support at 6. The level of culpability required to prove bad faith is something more than mere negligent conduct which is harmful to the insured; it need not be fraudulent but "imports a dishonest purpose and means a breach of a known duty . . . through some motive of self-interest or ill will" as compared to negligence or bad judgment. Id. (quoting O'Donnell *ex rel* v. Mitro v. Allstate Insur. Co., 734 A.2d 901, 905 (Pa. Super. 1999)). See also Smith v. Allstate Ins. Co., 904 F.Supp.2d 515, 524 (W.D. Pa. 2012) (noting that bad faith "encompasses a broad range of insurer conduct").

Clear averments of fact should support a claim for bad faith, and conclusory, "catch-all averments" are insufficient to overcome a motion to dismiss. Plaintiffs do not, however, raise only conclusory allegations lacking specific factual support. To the contrary, they provide a factual basis for Plaintiffs' allegation of statutory bad faith. The Court notes, in response to Defendant's specific assertions, that (a) payment made in a comparatively short time frame does not preclude a bad faith claim where Plaintiffs contest such payment was knowingly/recklessly

6

unreasonable, and (b) Defendant's citations to policy language and assertions as to its non-payment of foundation expenses do not at this juncture preclude a bad faith claim for reasons delineated above.  Defendant remains free to re-raise Plaintiffs' potential entitlement to maintenance of a bad faith claim at a later time. Plaintiffs will of course ultimately have the burden of proving a bad faith claim by clear and convincing evidence.

## V. Conclusion

For the reasons aforesaid, Defendant's Motion to Dismiss (ECF No. 3) will be denied in accordance with this Court's Order of even date herewith.

Dated: June 23, 2015

By the Court:

Lisa Pupo Lenihan
United States Magistrate Judge

cc: Counsel of record